Waldorf Invs., L.P. v Waldorf (2025 NY Slip Op 06096)

Waldorf Invs., L.P. v Waldorf

2025 NY Slip Op 06096

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-03224
 (Index No. 608516/17)

[*1]Waldorf Investments, L.P., et al., appellants,
v
Kathleen Waldorf, et al., respondents, et al., defendants, et al., nominal defendant.

Law Offices of Gabrielle A. Burner, PLLC, Mount Sinai, NY (Vess Mitev of counsel), for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Michael D. Brown and Elizabeth S. Sy of counsel), for respondents and nominal defendant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for judicial dissolution of a limited partnership, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated March 29, 2022. The order granted the motion of the defendants Kathleen Waldorf, William Waldorf, Stephen Waldorf, and Waldorf Risk Solutions, LLC, for summary judgment dismissing the sixteenth cause of action insofar as asserted against the defendants William Waldorf and Stephen Waldorf and the twenty-first and twenty-second causes of action.
ORDERED that the order is affirmed, with costs.
The plaintiff Christopher V. Waldorf, Jr. (hereinafter Christopher), and the defendants Kathleen Waldorf (hereinafter Kathleen), William Waldorf (hereinafter William), and Stephen Waldorf (hereinafter Stephen) are partners in Waldorf Investments, L.P. (hereinafter the partnership). The partnership owns a parcel of real property located in Huntington (hereinafter the property). In 2017, Christopher, in the name of the partnership, and Christopher, individually and derivatively on behalf of the partnership (hereinafter together the plaintiffs), commenced this action, inter alia, to recover damages for breach of contract and for judicial dissolution of the partnership. Kathleen, William, Stephen, and the defendant Waldorf Risk Solutions, LLC (hereinafter collectively the defendants), subsequently moved for summary judgment dismissing the sixteenth cause of action insofar as asserted against William and Stephen and the twenty-first and twenty-second causes of action. In an order dated March 29, 2022, the Supreme Court granted the motion. The plaintiffs appeal.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the sixteenth cause of action, alleging breach of contract, insofar as asserted against William and Stephen. The sixteenth cause of action alleged, inter alia, that William and Stephen breached the certificate of limited partnership by failing to distribute to Christopher his pro rata share of the partnership's profits in the form of certain fire insurance proceeds and rent payments allegedly owed to the partnership. However, in support of their motion, the defendants submitted [*2]evidence demonstrating, among other things, that the fire insurance proceeds were retained by the partnership to redevelop the property, as permitted under the terms of the certificate of limited partnership (see generally Countrywide Home Loans, Inc. v United Gen. Tit. Ins. Co., 109 AD3d 953, 954). Additionally, the defendants established, prima facie, that there were no rent payments owed to the partnership that William and Stephen failed to distribute. In opposition, the plaintiffs failed to raise a triable issue of fact.
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the twenty-first cause of action, seeking judicial dissolution of the partnership. Judicial dissolution of a limited partnership is authorized when "it is not reasonably practicable to carry on the business in conformity with the partnership agreement" (Partnership Law § 121-802; see id. § 63[1][d]; Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 127). Here, the defendants met their prima facie burden by submitting evidence that Kathleen, William, and Stephen have carried on the business of the partnership by, among other things, working to redevelop the property. In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the sixteenth cause of action insofar as asserted against William and Stephen and the twenty-first and twenty-second causes of action.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court